IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


KENNETH J. NELSON                                                    PLAINTIFF


        v.                          CIVIL NO. 17-5262


NANCY A. BERRYHILL, Commissioner
Social Security Administration                                       DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


Plaintiff, Kenneth J. Nelson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).


**I.       Procedural Background:**


Plaintiff protectively filed his current applications for DIB and SSI on October 2, 2015, alleging an inability to work since June 28, 2014,[1] due to four herniated discs/fractures, severe depression, post-traumatic stress disorder (PTSD), right shoulder pain and inflammation, numbness in hands and fingers and severe anxiety. (Tr. 320-321, 463, 467). An administrative

---

[1] At the administrative hearing held on October 4, 2016, Plaintiff, through his counsel, amended his alleged onset date to December 9, 2014.  (Tr. 90, 115).

hearing was held on October 4, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 110-160).

By written decision dated December 13, 2016, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 92). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine at C4-5, C5-6; an old thoracic fracture at T10-11; spondylosis of the lumbar spine; chronic lower back pain syndrome; major depression; and anxiety. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 95). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: The claimant is limited to simple tasks and simple instructions. He can have no incidental contact with the public. The claimant cannot be exposed to heights or unprotected machinery, and cannot operate a motor vehicle. He can occasionally reach overhead.

(Tr. 95). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a marking clerk, a routing clerk and a cleaner/housekeeper. (Tr. 101).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on October 18, 2017. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (Docs. 12,13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3). A Claimant must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the claimant's age, education, and work experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## III.   Discussion:

After reviewing the entire record, the Court is troubled by the ALJ's determination that Plaintiff could perform the jobs in the national economy based on a vocational expert's testimony when the RFC in the hypothetical proposed to the vocational expert was less restrictive than the RFC determination in the unfavorable decision.

At the administrative hearing held on October 4, 2016, the ALJ asked the following hypothetical question to the vocational expert:

> First is assume we have an individual who has the same age, education and work background as that of the Claimant.  Assume further this individual were limited from an exertional standpoint to light work.  Assume further this individual would be limited to jobs involving simple tasks, simple instructions; also that the individual would need a job involving no exposure to heights or unprotected machinery and no operating a motor vehicle.  Could such a person perform any of those jobs? I want to add incidental contact with the public.

(Tr. 154).   After listening to the hypothetical, the vocational expert testified that the hypothetical individual would be unable to perform Plaintiff's past relevant work, but would

be able to perform work as a marking clerk, a routing clerk and cleaner/housekeeper/hotel cleaner. (Tr. 155). The transcript revealed that Plaintiff's counsel asked the vocational expert if there would be jobs available if the hypothetical individual could have no contact with the public. (Tr. 158). The vocational expert's response was as follows:

> A [VE] That's difficult. I mean even - -
> Q       If you can answer it. If you can't that's fine.
> A [VE] That's really hard. I really don't know.
> ALJ:   I rather you didn't even answer ma'am
> VE:    Um-hum.
> ALJ:   I mean if he drives to work, that's some contact with public.
> ATTY: Less than incidental contact was probably the better question.
> ALJ:    Well, she's already answered.
> ATTY: Yeah, that's all.

(Tr. 158-159).

Plaintiff argues that the ALJ found Plaintiff had a more restrictive RFC in the December 13, 2016, administrative decision, and that the ALJ erred in relying on the testimony of the vocational expert to find Plaintiff could perform other jobs as the hypothetical proposed to the vocational expert included a less restrictive RFC. Defendant argues that the inclusion of the word "no" before incidental contact was simply harmless error. After reviewing the entire record, the Court finds remand necessary for the ALJ to clarify Plaintiff's RFC determination. Should the ALJ find Plaintiff can have "no" incidental contact with the public the ALJ should illicit the help of a vocational expert to determine if there are other jobs available that Plaintiff can perform.[2]

---

[2] In Kemp v. Colvin, 743 F.3d 630, 633 n.3 (8th Cir. 2014) the Eighth Circuit noted that the necessary resolution of this identified issue may be accomplished by written interrogatories posed to the vocational expert, and thus another administrative hearing may not be required.

**IV.     Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of November 2018.

/s/  *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE